IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA GARCIA,<br><br>     Plaintiff,<br><br>  v.<br><br>AMBER HASKETT, and DOES 1 through 50, inclusive,<br><br>     Defendants.<br>———————————————————/ | No. C 05-3754 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

    Defendant Amber Haskett moves to dismiss Plaintiff Melinda Garcia's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and alternatively moves for a more definite statement under Rule 12(e), an order compelling arbitration and an award of sanctions (Docket No. 5).  Plaintiff opposes the motion, and cross-moves for a "Rule 11 inquiry" into Defendant's motion for sanctions.  In separate motions, Defendant requests that the Court take judicial notice of certain documents (Docket Nos. 6, 19).  The matter was heard on December 2, 2005.

    Having considered all of the papers filed by the parties and oral argument on the motion, the Court grants in part Defendant's motion to dismiss and denies it in part, as set forth below, and denies Defendant's motions for an order compelling arbitration and an award of sanctions.  The Court denies Plaintiff's cross-motion for sanctions.

BACKGROUND

Plaintiff's complaint and the attached exhibits allege the following. In or around August, 2003, Plaintiff and Defendant formed Garcia & Haskett, LLP (the Partnership), a California limited liability partnership engaging in the practice of law. In and around January, 2005, Plaintiff discovered, among other wrongful conduct, that Defendant was manipulating the Partnership's accounting to her benefit and to the detriment of Plaintiff. In and around January 17, 2005, Plaintiff notified Defendant that Plaintiff intended to dissolve the Partnership. Thereafter, Plaintiff and Defendant entered into discussions and negotiations regarding the dissolution of the Partnership. The parties engaged legal counsel to represent them in connection with these negotiations. Plaintiff engaged Mark Figueiredo, Esq., and Defendant engaged Bernard Kenneally, Esq.

During the dissolution negotiations, Plaintiff communicated with her legal counsel by electronic mail (email), among other means. Plaintiff and Defendant maintained email accounts on the Partnership's computer server, which was hosted by a third party, Tri-Valley Internet. Plaintiff's email account was mgarcia@garciahaskett.com and Defendant's email account was ahaskett@garciahaskett.com. It was the Partnership practice that no one other than the email account holder was authorized to access that account's email. Plaintiff's computer was password-protected and Plaintiff did not disclose her password to Defendant. Defendant's computer was also password-protected and Plaintiff was not aware of Defendant's password. On at least one occasion,

2

1 Plaintiff and Defendant discussed whether Defendant had checked
2 Plaintiff's emails while Plaintiff was away on vacation.  Defendant
3 responded that she had not checked Plaintiff's emails, that she did
4 not have the password and that it was not any of Defendant's
5 business to look at Plaintiff's emails.
6    On or about February 22, 2005, Plaintiff filed a lawsuit in
7 Alameda County Superior Court for dissolution of the Partnership
8 among other claims (Dissolution Lawsuit).  On or about March 1,
9 2005, Plaintiff and Defendant agreed to dissolve the Partnership
10 pursuant to the Agreement Dissolving Partnership (Dissolution
11 Agreement), which was made effective as of February 1, 2005.  In
12 accordance therewith, Plaintiff dismissed the Dissolution Lawsuit.
13    Thereafter, Plaintiff formed the Garcia Law Group (GLG) and
14 Defendant formed the Haskett Law Firm (HLF).  Pursuant to the
15 Dissolution Agreement, Plaintiff retained possession of the
16 Partnership's computer server and contributed it to GLG.  Plaintiff
17 started to experience computer problems and suspected that the
18 problem may have been caused by an outside computer hacker gaining
19 access to the GLG computer server.  Plaintiff then had the GLG
20 computer consultant examine the server to trouble-shoot the
21 problem.  The computer consultant was able to diagnose and correct
22 the problem.  This consultant informed Plaintiff that, while
23 examining the server problems, he had discovered some unusual
24 activity on the server. He explained that in February, 2005,
25 Defendant had accessed Plaintiff's emails and had forwarded them to
26 an individual later identified to be Defendant's attorney.  These
27 emails included confidential attorney-client communications and
28

3

were forwarded to one or more third parties.

As a standard practice, Plaintiff's outgoing email messages included the following statement at the end:

> This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication. For more information about Garcia & Haskell LLP, contact us at 925-475-2000 or visit us at http://www.garciahaskett.com.

Compl. ¶ 22.

On September 16, 2005, Plaintiff filed this complaint alleging 1) intentional interception of confidential email communications in violation of 18 U.S.C. § 2511(1)(a); 2) intentional use of intercepted email communication in violation of 18 U.S.C. § 2511(1)(b); 3) intentional disclosure of intercepted email communication in violation of 18 U.S.C. § 2511(1)(c); 4) fraudulent concealment; 5) rescission of the Dissolution Agreement; 6) breach of fiduciary duty; 7) invasion of privacy pursuant to California Penal Code sections 632 and 637.2; 8) conspiracy; and 9) conversion of $28,500 held in the Partnership account.

## LEGAL STANDARD

I.   Rule 12(b)(1)

   A.   Generally

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R.

4

Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist at the time the action is commenced.  <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1006 (1989).  A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979); <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1177 (9th Cir. 1987).

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted.  <u>Alvares v. Erickson</u>, 514 F.2d 156, 160 (9th Cir.), <u>cert. denied</u>, 423 U.S. 874 (1975); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350, p. 210 (2d ed. 1990).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  <u>Stock West, Inc. v. Confederated Tribes</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).  An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  <u>May Dep't Store v. Graphic Process Co.</u>, 637 F.2d 1211, 1216 (9th Cir. 1980).

    B.    Federal Claims

Title 28 U.S.C. § 1331 grants federal courts jurisdiction over

cases arising under federal law.  In order for a complaint to state a claim arising under federal law, it must be clear from the face of a plaintiff's well-pleaded complaint that there is a federal question.  See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).  Where jurisdiction is intertwined with the merits, the court must assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record. Warren v. Fox Family Worldwide, Inc., 328 F.2d 1136, 1139 (9th Cir. 2003).  Only in "exceptional" circumstances may a Rule 12(b)(1) motion be granted in cases premised on federal question jurisdiction.  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  Such dismissals are permitted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous."  Bell v. Hood, 327 U.S. 678, 682-83 (1946).

II.  Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Fed. R. Civ. P. 8(e).  These rules "do not require a

6

1  claimant to set out in detail the facts upon which he bases his
2  claim.  To the contrary, all the Rules require is 'a short and
3  plain statement of the claim' that will give the defendant fair
4  notice of what the plaintiff's claim is and the grounds on which it
5  rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

6  When granting a motion to dismiss, a court is generally
7  required to grant a plaintiff leave to amend, even if no request to
8  amend the pleading was made, unless amendment would be futile.
9  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
10 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
11 would be futile, a court examines whether the complaint could be
12 amended to cure the defect requiring dismissal "without
13 contradicting any of the allegations of [the] original complaint."
14 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

15 III.  Rule 12(e)

16 "[T]he proper test in evaluating a motion under Rule 12(e) is
17 whether the complaint provides the defendant with a sufficient
18 basis to frame his responsive pleadings."  Federal Sav. and Loan
19 Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988)
20 (citing Famolare Inc. v. Edison Bros. Stores, Inc., 525 F. Supp.
21 940, 949 (E.D. Cal. 1981)).

22 "Motions for a more definite statement are viewed with
23 disfavor and are rarely granted because of the minimal pleading
24 requirements of the Federal Rules."  Sagan v. Apple Computer, Inc.,
25 874 F. Supp. 1072, 1077 (1994).  "Rule 12(e) is designed to correct
26 only unintelligibility in a pleading not merely a claimed lack of
27 detail."  FRA S. p. A. v. Surg-O-Flex of America, Inc., 415 F.

28

7

1  Supp. 421, 427 (S.D.N.Y. 1976). The proper tool for eliciting
2  additional detail is discovery, not a Rule 12(e) motion.
3  Musacchio, 695 F. Supp at 1060 (citing Kuenzell v. United States,
4  20 F.R.D. 96, 98 (N.D. Cal. 1957)).
5      A Rule 12(e) motion may be granted, however, "where the
6  complaint is so general that ambiguity arises in determining the
7  nature of the claim or the parties against whom it is being made."
8  Sagan, 874 F. Supp. at 1077.
9  IV.  Rule 11
10     Federal Rule of Civil Procedure 11 requires a court to impose
11 sanctions on an attorney, a represented party, or both, when the
12 attorney has signed and submitted to the court a pleading, motion
13 or other paper that is not, to the attorney's knowledge and belief
14 after reasonable inquiry, "well grounded in fact" and "warranted by
15 existing law or a good faith argument for the extension,
16 modification, or reversal of existing law." Fed. R. Civ. P. 11.
17 An attorney's signature also constitutes a warranty that the paper
18 is not "interposed for any improper purpose, such as to harass or
19 to cause unnecessary delay." Id.
20     The standard for determining whether a pleading, motion or
21 other paper is either frivolous or interposed for an improper
22 purpose is one of objective reasonableness at the time of the
23 attorney's signature. Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th
24 Cir. 1992) (citing Woodrum v. Woodward County Okla., 866 F.2d 1121,
25 1127 (9th Cir. 1989); Golden Eagle Distrib. Corp. v. Burroughs
26 Corp., 801 F.2d 1531, 1538 (9th Cir. 1986). In assessing whether
27 the filing of a particular paper was frivolous under Rule 11, the
28

8

court should not consider the ultimate failure on the merits or the subjective bad faith of the signer, but rather whether the position taken was "legally unreasonable" or "without factual foundation." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986).

## JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of various documents filed in Garcia v. Haskett, et al, No. VGO5199424 (Alameda Super. Ct. 2005), the case brought by Plaintiff against Defendant in the Superior Court of California.  Defendant further seeks judicial notice of In re Fred Houston, No. 03-40690 J7 (Bankr. N.D. Cal. 2003), a case pending in the bankruptcy court against the Partnership.  Plaintiff does not object.  Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination.  Because judicial filings are not subject to reasonable dispute and are capable of accurate and ready determination, the Court GRANTS Defendant's request for judicial notice of these documents.

The Court also takes judicial notice of the parties' Dissolution Agreement.  The Court is "generally confined to consideration of the allegations in the pleadings" in deciding a Rule 12(b)(6) motion.  Embury v. King, 191 F. Supp. 2d 1071, 1076 (N.D. Cal. 2001).  One exception to this rule is the "incorporation by reference doctrine," which permits a district court to consider the defendant's attachment of extrinsic evidence to a motion to dismiss if the attachment is integral to the plaintiff's claims and

9

its authenticity is not disputed. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see also Parrino v. FHP, Inc., 146 F.3d 699, 706 n.3 (9th Cir. 1998). Contrary to Plaintiff's assertion, the Agreement is integral to Plaintiff's claims and may be considered; the complaint repeatedly refers to the dissolution and the resulting Agreement, and one of the objects of the complaint is rescission of the Agreement. See Ismart Int'l Ltd. v. I-Docsecure, LLC, 2005 WL 588607, *6-7 (N.D. Cal. Feb. 14, 2005) (taking judicial notice of Formation Agreement, which complaint sought to rescind, but denying judicial notice of separate Operating Agreement not referenced in complaint). Similarly, the redacted emails are integrally related to Plaintiff's complaint and may be considered by the Court.

## DISCUSSION

I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant moves to dismiss the case for lack of subject matter jurisdiction on the grounds that the Dissolution Agreement releases all Plaintiff's claims against Defendant, and Plaintiff's electronic interception claims are manufactured solely to obtain federal jurisdiction.

Plaintiff brings three claims under 18 U.S.C. § 2511 for intentional interception, use and disclosure of confidential communications. Although, as noted in Section II(A) below, Plaintiff's allegations fail to state a claim for violation of that statute, the claims on their face do clearly arise under federal law. See Bollard v. California Province of the Society of Jesus, 196 F.3d 940, 951 (9th Cir. 1999) ("Any non-frivolous assertion of

10

a federal claim suffices to establish federal jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6).")

Defendant's argument that the claims are insubstantial or frivolous is intertwined with the merits of the complaint itself, and therefore the Court must assume the truth of Plaintiff's allegations. Warren, 328 F.2d at 1139. Defendant has not shown that this is an exceptional case where the alleged federal claim is "immaterial" or "wholly insubstantial and frivolous." Bell, 327 U.S. at 682-83. Viewed in Plaintiff's favor, the allegations show that Plaintiff was fraudulently induced to enter into the Dissolution Agreement because of Defendant's interception of email. The alleged federal violation is related to the rest of the complaint, and it is not wholly insubstantial and frivolous. Therefore, the Court denies Defendant's motion to dismiss the case for lack of subject matter jurisdiction.

II.  Motion to Dismiss for Failure to State a Claim

   A.  Interception, Use and Disclosure Claims

Title 18 U.S.C. § 2511(1)(a) provides that one who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communications" shall be subject to criminal liability and civil suit. "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

In order to constitute unlawful interception of electronic communication, email messages must have been intercepted from a

11

transient storage facility, not a place of permanent storage. See United States v. Councilman, 418 F.3d 67, 85 (1st Cir. 2005) (en banc) (holding that "electronic communication" includes communications in temporary, transient electronic storage intrinsic to the communication process); Wesley College v. Pitts, 974 F. Supp. 375 (D. Del. 1997) (concluding that acquisition of electronic communications in electronic storage does not constitute interception). In her complaint, Plaintiff alleges that Defendant accessed email "on the Partnership account, routed through the Partnership computer server which was hosted by a third-party, Tri-Valley Internet." Compl. ¶ 12. Plaintiff "retained possession of the Partnership's computer server" and contributed it to GLG. Id. ¶ 17. These facts suggest that the server was a permanent, not a temporary and transient, storage facility. Thus, Defendant's alleged access of Plaintiff's email does not constitute unlawful interception of electronic communication in violation of § 2511(1)(a). Plaintiff's second and third claims for violation of §§ 2511(1)(b) and 2511(1)(c) similarly involve interception of electronic communications.

For these reasons, the Court grants Defendant's 12(b)(6) motion to dismiss the federal claims. Plaintiff may file a First Amended Complaint (FAC) if she can truthfully, and without contradicting her original complaint, allege facts showing that Defendant intercepted email communications while they were in temporary, transient electronic storage. If Plaintiff cannot adequately allege a federal claim, her remaining State law claims will be dismissed without prejudice to refiling in State court.

B.  Fraudulent Concealment

In her reply brief, Defendant argues that Plaintiff's claim for fraudulent concealment should be dismissed because Plaintiff cannot "prove" the elements of an action for fraud based on concealment.  Def.'s Reply at 6.  This is not the standard used to evaluate a motion to dismiss.  Therefore, Defendant's 12(b)(6) motion to dismiss this claim is denied.

C.  Rescission

Defendant moves to dismiss Plaintiff's claim for rescission of the Dissolution Agreement on the grounds that Plaintiff has received the benefits of the Agreement thus far, and has brought this claim to manufacture federal jurisdiction or for wrongful purposes relating to the bankruptcy case.

A party to a contract may rescind the contract if the consent of the party rescinding was obtained through "duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."  Cal. Civil Code § 1698(b)(1); see also Lombardi v. Sinanides, 71 Cal. App. 272, 279 (1925).  However, "a defrauded party must exercise his [or her] election to rescind with reasonable promptness after discovering the fraud."  Le Clercq v. Michael, 88 Cal. App. 2d 700, 702 (1948). Acts "indicating an intent to abide by the contract are evidence of an affirmance thereof and of a waiver of the right to rescind." Id. (citing Ruhl v. Mott, 120 Cal. 668, 677 (1898)).

Here, the parties dispute whether Plaintiff has promptly sought rescission and whether her acts indicate an intent to abide

13

by the contract. These issues of fact cannot be resolved in the context of this motion to dismiss. However, the Court notes that should Plaintiff prevail in her claim for rescission, she would have to return all benefits received pursuant to the Dissolution Agreement.

D. Conversion

Defendant moves to dismiss Plaintiff's claim for conversion on the grounds that Plaintiff has failed to allege the required element of lack of consent.

A claim for conversion will fail where the owner "either expressly or impliedly assents to or ratifies the taking, use or disposition" of the property. <u>Farrington v. A. Teichert & Son, Inc.</u>, 59 Cal. App. 2d 468, 474 (1943). Defendant contends that both parties received an equal distribution of $28,500 that was held in the Partnership account pursuant to Plaintiff's suggestion "through her counsel via email." Def. Mot. to Dismiss at 10. This dispute of fact cannot be resolved in the context of this motion to dismiss. However, to the extent that Defendant took a distribution of the $28,500 pursuant to the Dissolution Agreement or another understanding, Plaintiff will not be able to show that Defendant converted the sum.

E. Invasion of Privacy

Finally, Defendant contends that Plaintiff has failed to plead a legally cognizable claim under California Penal Code § 632, a State law counterpart to 18 U.S.C. § 2511.

California Penal Code § 632(a) establishes liability for a person who,

14

> intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio . . . .

Defendant argues that Plaintiff fails to allege that Defendant took steps to "record" Plaintiff's emails because all Partnership emails were recorded on the firm's computer server by default. Defendant also argues that to the extend Plaintiff alleges eavesdropping, she fails to state a claim because "eavesdropping" involves "the interception of communications by the use of equipment which is not connected to any transmission line." People v. Ratekin, 212 Cal. App. 3d 1165, 1168 (1989).

Plaintiff argues that she does not know how Defendant intercepted her email, and thus should be allowed to proceed with discovery. Plaintiff fails to explain how her email could have been intercepted without connection to a transmission line. Without such an allegation, Plaintiff cannot bring a claim for eavesdropping. With respect to the alleged "recording," Plaintiff's allegations are unclear, but appear to include the use of a scanner. However, scanning a piece of paper is not the same as "recording" a communication. Therefore, the Court dismisses Plaintiff's claim for violation of § 632. Plaintiff is granted leave to amend her § 632 claim if she can truthfully, and without contradicting her original complaint, allege facts showing that Defendant eavesdropped upon or recorded a confidential communication.

15

III. Motion for a More Definite Statement

Defendant moves to dismiss Plaintiff's complaint on the grounds that it is vague and ambiguous with respect to the alleged damage suffered and the relief sought.

Rule 12(e) only requires that Plaintiff provide Defendant with sufficient notice to allow Defendant to respond to her claims. The facts indicating the nature of Plaintiff's confidential communication and its alleged interception by Defendant in violation of 18 U.S.C. § 2511 provide Defendant with a sufficient basis to frame her answer. Accordingly, the Court denies Defendant's motion for a more definite statement.

IV.   Motion to Compel Arbitration

Defendant seeks an order compelling arbitration pursuant to Paragraph 3.15 of the Dissolution Agreement. Plaintiff opposes enforcement of the arbitration provision on the grounds that it is part of a contract allegedly procured by fraud.

Pursuant to 9 U.S.C. § 1 et seq. of the Federal Arbitration Act (FAA), written arbitration agreements shall be "valid, irrevocable, and enforceable, save on such grounds as exist in law or at equity for revocation of any contract."  9 U.S.C. § 2; see also Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996) ("States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause upon such grounds as exist at law or in equity for the revocation of any contract") (internal quotations omitted). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate

16

1  arbitration agreements without contravening § 2." <u>Id.</u>  Under
2  California law, "[f]raud, either actual or constructive, is a
3  sufficient ground for rescission of a contract."  <u>Lombardi</u>, 71 Cal.
4  App. at 279; <u>see</u> <u>also</u> Cal. Civil Code §§ 1688 and 1689.

   Here, based on her claims of fraudulent concealment and for
rescission of the Dissolution Agreement, Plaintiff may not be bound
by the arbitration provision in Paragraph 3.15 of the Dissolution
Agreement.

V.   Motion for Sanctions

   Pursuant to Rule 11 of the Federal Rules of Civil Procedure,
Defendant seeks an award of sanctions against Plaintiff's counsel
in the amount of $10,000.  Plaintiff argues that the Court should
deny Defendant's motion because Defendant failed to comply with
Rule 11's "safe harbor" and filing provisions.  Plaintiff, in turn,
moves for a Rule 11 inquiry into Defendant's counsel's defective
Rule 11 motion.

   The "safe harbor" provision of Rule 11 requires a party
seeking sanctions to allow the party against whom sanctions are
sought an opportunity to withdraw the challenged pleading or
filing.  <u>See</u> Fed. R. Civ. P. 11(c)(1)(A).  A motion for sanctions
shall be made separately from other motions and may not be filed
until twenty-one days after it is served upon the other party.  <u>Id.</u>
During this time, the party against whom sanctions are sought has
the opportunity to withdraw or "appropriately correct[]" the
challenged filing.  <u>Id.</u>  Courts have held that the twenty-one day
hold on filing a motion for Rule 11 sanctions is a prerequisite to
recovering sanctions.  <u>See</u> <u>Thomas v. Treasury Management</u>

17

1 Association, Inc., 158 F.R.D. 364, 369 (D. Md. 1994).

2     Defendant presents no evidence that she has complied with the
3 safe harbor provision.  The "safe harbor" provision is a
4 prerequisite, non-compliance with which results in the denial of a
5 Rule 11 motion for sanctions.  See Cannon v. Cherry Hill Toyota,
6 Inc., 190 F.R.D. 147, 158-59 (D. N.J. 1999) (finding that
7 plaintiff's failure to comply with safe harbor provisions
8 necessitates a denial of plaintiff's motion for sanctions).
9 Accordingly, Defendant's motion for sanctions is denied.

10     Plaintiff has also failed to demonstrate that she has complied
11 with the safe harbor provisions of Rule 11(c)(1)(A).  Therefore,
12 the Court denies Plaintiff's request for Rule 11 sanctions.

CONCLUSION

14   For the foregoing reasons, Defendant's motion to dismiss (Docket
15 No. 5) is GRANTED in part and DENIED in part, as follows.  The
16 Court denies Defendant's motion to dismiss for lack of subject
17 matter jurisdiction.  The Court grants Defendant's Rule 12(b)(6)
18 motion to dismiss with respect to Plaintiff's federal claims
19 involving unlawful interception of her email, and grants the motion
20 to dismiss Plaintiff's claim under California Penal Code § 632(a),
21 but denies the motion with respect to Plaintiff's other State law
22 claims.  The Court denies without prejudice Defendant's motion to
23 compel arbitration, and denies both parties' requests for Rule 11
24 sanctions.  The Court GRANTS Defendant's requests for judicial
25 notice (Docket Nos. 6 and 19).

26     Plaintiff may file a FAC within twenty days of this order if
27 she can truthfully, and without contradicting her original

18

complaint, allege that Defendant intercepted email communications in temporary, transient electronic storage.  If Plaintiff fails to allege cognizable federal claims, the Court will dismiss the remaining State law claims for lack of subject matter jurisdiction, without prejudice to refiling in State court.  If Plaintiff chooses to include in her FAC a claim under California Penal Code § 632(a), she must allege facts showing that Defendant eavesdropped upon or recorded a confidential communication.

       IT IS SO ORDERED.

Dated: 12/21/05

_____
CLAUDIA WILKEN
United States District Judge