IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA GARCIA, | No. C 05-3754 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO EXTINGUISH LIEN |
| v. | |
| AMBER HASKETT, | |
| Defendant. | |

Plaintiff Melinda Garcia moves to extinguish a lien which Defendant Amber Haskett has filed in a case in Contra Costa County Superior Court, Long v. Sunrise Senior Living, Inc., No. MSC 04-1664, where Plaintiff Garcia is the attorney of record for the plaintiffs.  Defendant opposes the motion to extinguish.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion to extinguish.

BACKGROUND

On or around August, 2003, Plaintiff and Defendant formed Garcia & Haskett, LLP (the Partnership), a California limited liability partnership engaging in the practice of law.  In July, 2004, the Partnership entered into a written fee agreement to represent Mary Long in connection with her claims for personal injury and financial loss against Sunrise Assisted Living.  Garcia

1  Decl. ¶ 3.  The fee agreement was signed by Defendant, but
2  Plaintiff says that she served as the lead attorney.  Id.  The
3  Partnership agreed to represent Ms. Long on a contingency basis.
4       On January 17, 2005, Plaintiff allegedly told Defendant that
5  she intended to dissolve the Partnership.  Am. Compl. ¶ 10.
6  Plaintiff and Defendant entered into discussions regarding the
7  dissolution of the Partnership.  During the negotiations, Ms. Long
8  decided that she would like Plaintiff to continue representing her.
9  Garcia Decl. ¶ 4.  On or about March 1, 2005, Plaintiff and
10 Defendant agreed to dissolve the Partnership pursuant to an
11 "Agreement Dissolving Partnership," which was made effective as of
12 February 1, 2005.  See Am. Compl., Ex. E, Dissolution Agreement.
13      With respect to Long, the Dissolution Agreement provides as
14 follows,

> Haskett will be granted 5% of the net recovery to Garcia and Garcia will be granted the remainder.  For purposes of this Agreement, Haskett acknowledges that on February 22, 2005 the clients in this matter chose Garcia to be their attorney.  Garcia is to handle the case and, therefore, Haskett shall have zero involvement with the case upon dissolution of the Partnership.  Garcia agrees, however, to immediately provide Haskett with notice of settlement or disposition of the case and to provide Haskett with an accounting regarding the calculation of any share of the recovery due Haskett under this Agreement.

Dissolution Agreement § 2.07(f).  After agreeing to the
dissolution, Plaintiff formed the Garcia Law Group (GLG) and
Defendant formed the Haskett Law Firm (HLF).  According to
Plaintiff, Ms. Long executed a new written fee agreement with GLG.
     On September 16, 2005, Plaintiff filed a complaint in this
Court alleging, among other claims, that Defendant illegally
intercepted Plaintiff's confidential email communications during

2

the negotiation of the Dissolution Agreement. Among other remedies, Plaintiff seeks rescission of the Dissolution Agreement. She alleges that she would not have agreed to Defendant's proportion of the net recovery in Long had she known Defendant was reading her email. Am. Compl. ¶ 65.

On February 24, 2006, Defendant filed a notice of lien in Long, alleging that the Dissolution Agreement "contractually provides Lienholder with a claim against any settlement, recovery or judgment in this action." Pl.'s Req. for Judicial Not., Ex. A, Long, Notice of Lien. Defendant also alleges that the fee agreement entered into between the Partnership and Ms. Long contains provisions substantiating her lien. Id. Defendant declares that had the Partnership not dissolved in accordance with the Dissolution Agreement, she and Plaintiff would have divided any Long profits in half, and therefore that she still has an interest in Long as a successor-in-interest to the Partnership. Haskett Decl. ¶ 5, 6, 10.

The amount in controversy in Long is "in the millions of dollars," and the case is scheduled for a mediation session on April 4, 2006. Garcia Decl. ¶ 5, 8. Plaintiff believes that if the lien is not extinguished, it "will disrupt the mediation" because it will "tie up any settlement proceeds such that the Client will not receive any amount," and also tie up compensation of Plaintiff's new co-counsel. Garcia Decl. ¶ 8.

## DISCUSSION

In California, an attorney's lien is created only by contract, "either by an express provision of an attorney fee contract or by

3

1  implication where the retainer agreement provides that the attorney
2  is to look to the judgment for payment for legal services
3  rendered."  Carroll v. Interstate Brands Corp., 99 Cal. App. 4th
4  1168, 1172 (2002).  In Hansen v. Jacobsen, 186 Cal. App. 3d 350,
5  354-55 (1986), the court held that a "previously discharged
6  attorney who has a contractual lien on a prospective judgment may
7  file a notice of lien in the pending action."  (Emphasis in
8  original.)

9      Although filing a notice of lien in the underlying action is
10 not essential, an attorney may choose to do so, and "the common
11 practice of doing so has been held permissible and even advisable."
12 Carroll, 99 Cal. App. 4th at 1172.  However, because the discharged
13 attorney is not a party to the underlying action, "a subsequent,
14 independent action is required to establish the amount of the lien
15 and enforce it."  Hansen, 186 Cal. App. 3d at 356.  The trial court
16 in the underlying action has no jurisdiction to determine the
17 existence or validity of an attorney's lien, nor can it entertain a
18 motion to terminate the lien or to expunge the notice of lien.
19 Carroll, 99 Cal. App. 4th at 1173-74.  The notice of lien is thus
20 "essentially a 'superfluous document,'" the principle function of
21 which "seems to be to assist a discharged attorney who faces the
22 risk that a former client may 'settle around' the lien."  Id. at
23 1176-77.

24     Under California law, therefore, Plaintiff may not bring a
25 motion to extinguish the notice of lien in Long, and its validity
26 must be determined in a "subsequent, independent action."
27 Plaintiff's justification for this Court's exercise of jurisdiction
28

4

1  is that otherwise she will be left without recourse to expunge the
2  lien at this time.  The court in Carroll recognized that the state
3  of the law provides no procedural safeguard to protect clients from
4  the filing of a false notice of attorney's lien, but decided that
5  "the task of designing protective procedures should be left to the
6  Legislature."  99 Cal. App. 4th at 1177.  Based on principles of
7  federalism and comity, the Court likewise declines to entertain
8  Plaintiff's motion to extinguish the lien which Defendant has filed
9  in Long.

         IT IS SO ORDERED.

Dated: 3/23/06

_____
CLAUDIA WILKEN
United States District Judge