IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA GARCIA,<br><br>        Plaintiff,<br><br>  v.<br><br>AMBER HASKETT, and DOES 1 through 50, inclusive,<br><br>        Defendants.<br>_____/ | No. C 05-3754 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING MOTIONS TO COMPEL AND DENYING MOTION FOR SANCTIONS |

Defendant Amber Haskett moves to dismiss Plaintiff Melinda Garcia's First Amended Complaint (FAC) under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 9(b) and asks for an award of sanctions or attorneys' fees. Defendant separately moves pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 for an award of sanctions in connection with Plaintiff's previous motion to extinguish a lien, and separately moves to compel Plaintiff's deposition and requests attorneys' fees and costs. Plaintiff opposes the motions, and herself moves to compel the depositions of Defendant's attorney, Bernard P. Kenneally, and computer service provider Eric Katz; she also requests attorneys' fees and costs. Defendant opposes the motion to compel Mr. Kenneally's deposition. All motions were taken under submission on the papers.

Having considered all of the papers filed by the parties, the Court grants with prejudice Defendant's motion to dismiss.

Accordingly, the parties' cross-motions to compel are denied as moot. The Court denies Defendant's motion for an award of sanctions in connection with Plaintiff's motion to extinguish the lien.

## BACKGROUND

This case arises out of the dissolution of the parties' former law partnership, Garcia & Haskett, LLP (the Partnership). Among other documents, the Court has previously taken judicial notice of the parties' Dissolution Agreement, made on or about March 1, 2005 and effective as of February 1, 2005. In connection with these negotiations, Plaintiff engaged Mark Figueiredo, Esq., and Defendant engaged Bernard Kenneally, Esq. Plaintiff now seeks rescission of the Dissolution Agreement and release from its terms (including its mandatory arbitration clause), on the grounds that Defendant illegally accessed Plaintiff's confidential email communications with Mr. Figueiredo during the negotiations, and thus fraudulently induced Plaintiff to enter into the agreement. For a more detailed summary of Plaintiff's allegations, see the Court's December 21, 2005 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (the December 21, 2005 Order).

In that Order, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction, finding that this was not an exceptional case where the alleged federal claim was immaterial or wholly insubstantial and frivolous, and thus the Court would assume the truth of Plaintiff's allegations. However, the Court granted Defendant's motion to dismiss for failure to state a claim, finding that Plaintiff had not stated a claim for unlawful

2

interception and disclosure of electronic communications under 18 U.S.C. § 2511(1).  The Court granted Plaintiff leave to file an amended complaint if she could "truthfully, and without contradicting her original complaint, allege facts showing the Defendant intercepted email communications while they were in temporary, transient electronic storage."  December 21, 2005 Order at 12.  The Court warned that if Plaintiff could not adequately allege a federal claim, her remaining State law claims would be dismissed without prejudice to refiling in State court.  The Court also dismissed Plaintiff's claim under California Penal Code § 632, a State law counterpart to 18 U.S.C. § 2511, granting Plaintiff leave to amend if she could allege facts showing that Defendant "eavesdropped upon or recorded a confidential communication."  Id. at 15.

Plaintiff filed her FAC on January 10, 2006.  Plaintiff again alleges claims under 18 U.S.C. § 2511 for unlawful interception and disclosure of electronic communications.  Plaintiff also brings a new federal claim under 18 U.S.C. § 2701(a)(2) for unlawful access to stored communications.

According to the FAC, it was the Partnership practice that no one other than the email account holder was authorized to access that account's email.  Plaintiff's computer was password-protected and Plaintiff did not disclose her password to Defendant. Defendant's computer was also password-protected and Plaintiff was not aware of Defendant's password.

Plaintiff and Defendant maintained email accounts "on the Parnership account, routed through the Partnership computer server

3

which was hosted by a third party, Tri-Valley Internet." FAC ¶ 12. Plaintiff alleges that her emails were "electronically stored . . . for purposes of backup protection of each email after Plaintiff viewed such emails." Id. ¶ 30. Plaintiff "is further informed and believes and on that basis alleges that emails transmitted to Plaintiff while Plaintiff was not logged into her email account remained in temporary storage until Plaintiff logged into her account again." Id. ¶ 30.

Pursuant to the Dissolution Agreement, Plaintiff "retained possession of the Partnership's computer server" and contributed it to Garcia Law Group (GLG), her new firm. Id. ¶ 17. A computer consultant examining it informed Plaintiff that "in February 2005, [Defendant] had accessed Plaintiff's emails and had forwarded them" to Mr. Kenneally. Id. ¶ 19. Among the emails allegedly accessed by Defendant were unread "emails in Plaintiff's inbox that Plaintiff had received after logging out of her email for the day." Id. ¶ 21. Plaintiff alleges that Defendant "used the server late at night to intercept Plaintiff's Unread Emails while they were still in transit to Plaintiff's email box, i.e., accessed while in temporary, transient electronic storage intrinsic to the communications process, and contemporaneous with their transmission to Plaintiff." Plaintiff also alleges that Defendant "reviewed emails from and to Plaintiff that Plaintiff had previously reviewed ("Stored Emails")." Id. ¶ 22. She alleges that Defendant "intentionally exceeded [her] authority to access the facility through which electronic communication service is provided to Plaintiff, and thereby obtained access to Plaintiff's Stored Emails

4

while they were in electronic storage for backup purposes." Id. ¶ 32.

As a standard practice, Plaintiff's outgoing email messages included the following statement at the end:

> This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication. For more information about Garcia & Haskell LLP, contact us at 925-475-2000 or visit us at http://www.garciahaskett.com.

Id. ¶ 27.

Defendant filed her motion to dismiss the FAC on March 9, 2006. Meanwhile, she had filed a notice of lien in a case in Contra Costa County Superior Court, Long v. Sunrise Senior Living, Inc., No. MSC 04-1664, where Plaintiff Garcia is the attorney of record for the plaintiffs. In an email to Mr. Kenneally, Mr. Figueiredo asked Defendant to withdraw the notice of lien and threatened to file a motion in this Court to extinguish the lien. Mr. Kenneally rejected the request, and informed Mr. Figueiredo, "Your federal jurisdiction thoughts make no sense. This email constitutes Rule 11 Notice that I will seek sanctions for any action regarding the Long Case that you bring in Federal Court." Kenneally Decl. in Supp. of Mot. for Att'y Fees, Ex. A, Mar. 8, 2006 Email from Mr. Kenneally to Mr. Figueiredo.

On March 9, 2006, Plaintiff submitted the motion to extinguish

5

the lien and moved to shorten time for hearing it.  Defendant opposed the motion to shorten time and the motion to extinguish.  The Court granted Plaintiff's request to shorten time, and set the hearing for March 24, 2006.  On March 23, 2006, the Court denied the motion to extinguish on the papers.  It found that under California law, in particular, <u>Carroll v. Interstate Brands Corp.</u>, 99 Cal. App. 4th 1168, 1172 (2002), Plaintiff could not move to extinguish the notice of lien in <u>Long</u>, and its validity would have to be determined in a "subsequent, independent action."  March 23, 2006 Order at 4.  The Court found that Plaintiff's justification for federal jurisdiction was inadequate, and it declined to entertain Plaintiff's motion to extinguish the lien "on principles of federalism and comity."  <u>Id.</u> at 5.  On March 29, 2006, Defendant filed her Rule 11 motion for sanctions in connection with the lien matter.

The Court explained the legal standards applicable to Defendant's motion to dismiss in its December 21, 2005 Order.

## DISCUSSION

I. Claims of Unlawful Interception, Use and Disclosure of Electronic Communications

Defendant moves to dismiss Plaintiff's claims of unlawful interception, use and disclosure of electronic communications.

The Wiretap Act, 18 U.S.C. § 2511(1)(a), provides that one who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communications" shall be subject to criminal liability and civil suit.  Section 2511(1)(c) prohibits the

intentional disclosure of such intercepted communications, and § 2511(1)(d) prohibits the intentional use of intercepted communications. "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

In order to constitute unlawful interception of electronic communication, the interception of email messages must have occurred while the messages were in a transient storage facility, not a place of permanent storage. See United States v. Councilman, 418 F.3d 67, 85 (1st Cir. 2005) (en banc) (holding that "electronic communication" includes communications in temporary, transient electronic storage intrinsic to the communication process); Wesley College v. Pitts, 974 F. Supp. 375 (D. Del. 1997) (concluding that acquisition of electronic communications in electronic storage does not constitute interception).

In the FAC, Plaintiff alleges that her unread email was intercepted by Defendant while "still in transit to Plaintiff's email box, i.e., accessed while in temporary, transient" storage. Other than this conclusory statement, however, Plaintiff states no factual allegations to support her assertion that Defendant intercepted the unread email while it was in temporary, transient storage. Indeed, the remainder of Plaintiff's allegations suggests that the reverse is true: that the unread email was accessed while it was on the Partnership's server, and that the server permanently stored all email (read and unread). Plaintiff offers no legal justification for her contention that whether email is read or

7

unread determines whether it is located in "temporary, transient" space or permanent storage.  The Ninth Circuit suggested otherwise when it endorsed the Fifth Circuit's holding that email "stored on electronic bulletin system, but not yet retrieved by the intended recipients, was not an 'interception' under the Wiretap Act." Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 876 (9th Cir. 2002) (citing with approval Steve Jackson Games, Inc., v. United States Secret Serv., 36 F.3d 457 (5th Cir. 1994)).

For these reasons, the Court grants Defendant's motion to dismiss Plaintiff's Wiretap Act claims against it.  Because Plaintiff has already been granted leave to amend these claims, the dismissal is with prejudice.

II.   Stored Communications Claim

Defendant moves to dismiss Plaintiff's claim for unlawful access of stored electronic communications.

The Stored Communications Act (SCA) provides a cause of action against anyone who

> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to wire or electronic communication while it is in electronic storage in such system . . . .

18 U.S.C. § 2701(a).  The SCA exempts "conduct authorized" "by the person or entity providing a wire or electronic communications service."  Id. § 2701(c)(1).

Defendant argues that Plaintiff's SCA claim should be dismissed because (1) Plaintiff does not allege that Defendant accessed a "facility through which an electronic communication

8

service is provided" and, in the alternative, (2) Plaintiff's allegation that Defendant exceeded her authorization to access that facility is inconsistent with the other facts alleged in the FAC. These issues are addressed in turn.

In <u>In re JetBlue Airways Corp. Privacy Litig.</u>, 379 F. Supp. 2d 299, 307 (E.D. N.Y. 2005), the district court found that an airline's computer servers and reservation system did not constitute a "facility through which electronic communication service is provided" because despite the fact that customers could use the airline's system to transmit data, the airline itself was a consumer, not a provider, of electronic communication services. Thus, the court held that the airline could not be held liable under 18 U.S.C. § 2702 as a matter of law for its alleged disclosure of customer records. 379 F. Supp. 2d at 310. Similar reasoning applies here. According to the Complaint, the Partnership is a limited liability partnership engaged in the practice of law, and it purchases electronic communication services through Tri-Valley; it is not a "facility through which an electronic communication service is provided."

It may be that the facility which Plaintiff alleges that Defendant illegally accessed is Tri-Valley Internet, the internet service provider that "hosted" the Partnership's computer server. If so, however, Plaintiff has failed to state a claim because she has not stated that Defendant exceeded her authority to access Tri-Valley Internet's facility. In fact, the FAC indicates that the Partnership had a single account with Tri-Valley Internet. <u>See</u> FAC ¶ 12 ("Each of Plaintiff and [Defendant] maintained email accounts

9

on the Partnership account, routed through the Partnership computer server . . ."). Although the FAC alleges that it was "the Partnership's practice" that no one other than the holder of a particular email account was authorized to access that account holder's emails, id., this does not mean that Defendant's access of Plaintiff's stored emails was conduct unauthorized by Tri-Valley Internet. To the extent that Plaintiff claims that Defendant violated the Partnership's internal practices, she may have stated a State law claim for violation of a fiduciary duty, but she has not stated a claim for violation of federal law.

For these reasons, the Court finds that Plaintiff has failed to state a claim under 18 U.S.C. § 2701(a). Because the Court has already granted Plaintiff leave to amend her complaint to state a federal claim, and because it is apparent that she cannot do so without contradicting the allegations in the FAC, this dismissal is with prejudice. As the Court stated in its prior order, because Plaintiff cannot adequately allege a federal claim, her remaining State law claims are dismissed without prejudice to refiling in State court. The parties' cross-motions to compel are denied as moot.

III. Attorneys' Fees Connected with Plaintiff's Motion to Extinguish Lien

Defendant moves pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent powers for an award of her attorneys' fees and costs incurred in opposing Plaintiff's motion to extinguish the notice of lien in Long. Plaintiff opposes the motion, arguing that Defendant has failed to meet Rule 11's safe harbor requirement and

10

that she did have sufficient legal basis to bring the motion to extinguish in federal court.

Rule 11 requires a court to impose sanctions on an attorney, a represented party, or both when the attorney has signed and submitted to the court a pleading, motion or other paper that is not, to the attorney's knowledge and belief after reasonable inquiry, "well grounded in fact" and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11. An attorney's signature also constitutes a warranty that the paper is not "interposed for any improper purpose, such as to harass or to cause unnecessary delay."

The "safe harbor" provision of Rule 11 requires a party seeking sanctions to allow the party against whom sanctions are sought an opportunity to withdraw the challenged pleading or filing. See Fed. R. Civ. P. 11(c)(1)(A). A motion for sanctions shall be made separately from other motions and may not be filed until twenty-one days after it is served upon the other party. Id. During this time, the party against whom sanctions are sought has the opportunity to withdraw or appropriately correct the challenged filing. Id. Courts have held that the twenty-one day hold on filing a motion for Rule 11 sanctions is a prerequisite to recovering sanctions. See Thomas v. Treasury Management Association, Inc., 158 F.R.D. 364, 369 (D. Md. 1994).

As the Court has already explained in the context of Defendant's request for sanctions in connection with her first motion to dismiss (as well as Plaintiff's purported "Rule 11

11

inquiry" into Defendant's request for sanctions), "the 'safe harbor' provision is a prerequisite, non-compliance with which results in the denial of a Rule 11 motion for sanctions." December 21, 2005 Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss at 18 (citing Cannon v. Cherry Hill Toyota, Inc., 190 F.R.D. 147, 158-59 (D. N.J. 1999) (finding that plaintiff's failure to comply with safe harbor provisions necessitates a denial of plaintiff's motion for sanctions)).

Defendant presents no support for her suggestion that her counsel's March 8, 2006 email was sufficient as a "'short form' or 'catch all'" to fulfill Rule 11's twenty-one day notice requirement. In fact, the Ninth Circuit has held in a case where a party was given multiple informal warnings about the defects of a claim, that such warnings are "not motions, . . . and the Rule requires service of a motion." Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1988). It noted that the Advisory Committee anticipated that in addition to formal service of the proposed motion on the opposing party, "counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." Id. (quoting Fed. R. Civ. P. 11 Advisory Committee's Note). The Ninth Circuit concluded, "[i]t would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion." Id.

In Barber, the allegedly faulty pleading had already been dismissed when the Rule 11 motion was filed with the court;

12

similarly, here, by the time Defendant filed her Rule 11 motion, the Plaintiff's allegedly sanctionable motion had already been denied. Defendant argues that the 21 day waiting period was therefore moot. Yet the Ninth Circuit in <u>Barber</u> concluded the reverse, explaining that the purpose of the safe harbor period is to allow the other party to "withdraw the offending pleading and thereby escape sanctions." <u>Id.</u> The Court finds that the fact that Plaintiff's motion had already been denied does not excuse Defendant's failure to comply with the Rule 11 procedural requirements, and denies Defendant's motion on this basis.

Even if Defendant had properly complied with Rule 11's safe harbor requirements, however, the Court would deny her motion for sanctions. As Plaintiff notes, at least one other federal court has entertained a motion to strike a notice of lien arising out of a dispute in California State court. <u>See</u> <u>In re Hijacking of Pan Am. World Airways, Inc., Aircraft at Karachi Int'l Airport</u>, 698 F. Supp. 479, 482-83 (S.D. N.Y. 1988) (holding that under California law, an attorney could not file notices of attorney lien because clients' retainer agreements were with law firm, not attorney). Although that case was distinguishable on the facts and was decided prior to <u>Carroll</u>, the California case on which the Court relied to deny Plaintiff's motion to extinguish the lien, <u>In re Hijacking of Pan Am. World Airways</u> does provide some support for Plaintiff's argument that the Court could have exercised jurisdiction over her motion to extinguish.

Furthermore, the Court finds that both parties' constant requests and regular motions for attorneys' fees and sanctions have

13

themselves contributed to needless delay and increased the cost of this litigation.  See, e.g., December 21, 2005 Order at 17-18 (denying parties' cross-requests for Rule 11 sanctions based in part on both parties' failures to comply with safe harbor requirements).  For this reason, the Court presently is not inclined to grant any motion for sanctions to any party in this case.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (Docket No. 32).  Plaintiff's federal claims are dismissed with prejudice, and her remaining State law claims are dismissed for lack of subject matter jurisdiction, without prejudice to refiling in State court.  The Court denies Defendant's request for judicial notice of various previous filings in these case (Docket No. 33); these documents are already in the record before the Court, and no further judicial notice is necessary.  The Court DENIES the parties' motions to compel and for attorneys' fees (Docket Nos. 60, 79 and 100).

The Court DENIES Defendant's motion for sanctions in connection with Plaintiff's motion to extinguish a lien (Docket No. 55).

The Clerk shall enter judgment accordingly.  Each party shall bear her own costs.

IT IS SO ORDERED.

Dated: 6/30/06

CLAUDIA WILKEN
United States District Judge